### COMMONWEALTH *vs.* GEORGE H. MILLER.

Drunkenness in another person's room in the house in which the party resides is punisha-
ble under Rev. Sts. *c.* 130, § 18, without proof that the drunkenness was made public.

In an indictment on Rev. Sts. *c.* 130, § 18, for a second drunkenness, an averment that the
defendant, at a certain time, and before a certain court, " was duly and legally convicted
of the crime of drunkenness, committed at " a certain time and place, is a sufficient alle-
gation of a first conviction; and may be supported by a copy of a record of a conviction
of the crime of drunkenness by the voluntary use of intoxicating liquor.

COMPLAINT to the police court of Chicopee, on Rev. Sts. *c.* 130,
§ 18, alleging " that George H. Miller of said Chicopee, on the
third day of August in the year of our Lord one thousand eight
hundred and fifty six, at said Chicopee, with force and arms
was guilty of the crime of drunkenness, by the voluntary use
of intoxicating liquor. Also that the said George H. Miller, on
the second day of said August, at said Chicopee, before said
police court, was duly and legally convicted of the crime of
drunkenness, committed at said Chicopee on the first day of
said August, which judgment is in full force and not reversed,
against the peace of said Commonwealth, and the form of the
statutes in such cases made and provided."

A trial was had in the court of common pleas in Hampden at
December term 1856, before *Morris,* J., who signed this bill of
exceptions :

" The only witness for the government testified to several
acts, sayings and doings and appearances of the defendant,
indicating his intoxication at the time charged ; but he testified
that the defendant was, when he saw him first, in the tenement
of one Bryant, which tenement was in the same house where
the defendant lived ; that he was quietly smoking, and that the
person who accompanied him to this place, and who was an
officer, arrested the defendant and took him to the street and
from thence to the lock up. The defendant asked the court to
instruct the jury that, as he was not drunk in any public place,
and gave no publicity to his drunkenness, it was no offence.
The court refused so to instruct the jury, but instructed them
that if he was drunk at said Bryant's he was liable.

" The government offered a record of the police court of Chicopee to sustain the second allegation of the complaint. The defendant objected, because it was a record that the defendant was adjudged guilty of the crime of drunkenness by the voluntary use of intoxicating liquor ; whereas the complaint did not formally, substantially and fully aver any such adjudication, or the offence of which the adjudication was had. Th court admitted the evidence.

" The government offered, in support of the complaint, an attested copy of the record of the police court of Chicopee, which set forth that the defendant pleaded guilty to the allegations of this complaint before said police court. The defendant objected that the same was not competent as proof in the case. But the court admitted this record also as evidence against the defendant.

" To all which the defendant excepts ; " and also moved in arrest of judgment, because " no offence is set out in the first count, fully, plainly and formally described to him, inasmuch as it simply states the legal results of acts, instead of alleging the acts done ; " and because " the second count does not allege that the defendant was convicted of the crime of drunkenness by the voluntary use of intoxicating liquor."

*G. M. Stearns,* for the defendant. 1. Private drunkenness is no legal offence. In order to be punishable, it must be to the evil example of others ; it must be in public.

2. Evidence that the defendant was convicted of being " drunk by the voluntary use of intoxicating liquor " should not have been admitted under a simple allegation of a conviction of " the crime of drunkenness." And that allegation is itself insufficient to support a conviction.

3. The plea of guilty in a former case should not have been admitted as evidence in this.

4. The complaint should have alleged the commission of the acts constituting the offence, and not merely that the defendant was guilty of the crime.

*D. W. Alvord,* for the Commonwealth. 1. It was not necessary to prove that the defendant was publicly drunk. Drunken-

ness was first made a crime by *St.* 4 Jac. 1, *c.* 5, (1606,) the reasons of which, as set forth in the preamble, are, that " the loathsome and odious sin of drunkenness is of late grown into common use within this realm, being the root and foundation of many other enormous sins, as bloodshed, stabbing, murder, swearing, fornication, adultery and such like, to the great dishonor of God and of our nation, the overthrow of many good arts and manual trades, the disabling of divers workmen, and the general impoverishing of many good subjects, abusively wasting the good creatures of God." There is not a word in that statute, or in the *St.* of 7 Jac. 1, *c.* 10, about publicity or the effect of the crime upon others by way of example. So Blackstone classes " drunkenness " among the " offences against God and religion." 4 Bl. Com. 64. Our ancestors meant the same thing in the act of 1692, which is curiously like the English statute. Anc. Chart. 238. The Rev. Sts. *c.* 130, § 18, include all persons " guilty of the crime of drunkenness by the voluntary use of intoxicating liquor." The decisions and dicta which seem to support the defendant's position were founded on different statutes. *Smith* v. *State,* 1 Humph. 396. *State* v. *Deberry,* 5 Ired. 371. *Commonwealth* v. *Whitney,* 5 Gray, 88.

2. If the offence must be public, it was so in this case, having been committed in a tenement from which the defendant could not exclude other persons, and where he was therefore liable to be seen committing the sin, in evil example to others.

3. The defendant's former plea of guilty was competent evidence of the facts thereby confessed.

4. The recital of a former conviction need not be more particular in an indictment for a second offence under Rev. Sts. *c.* 130, § 18.

This case was decided at Boston in June 1858.

METCALF, J. The court are unanimously of opinion that the rulings of the judge at the trial were correct, and that the exceptions thereto must be overruled. And a majority of the court are of opinion that the motion in arrest of judgment must also be overruled. This form of allegation, however, is not to be commended. *Exceptions and motion in arrest overruled.*